### THE WAYNE AND ONTARIO COLLEGIATE INSTITUTE *vs.* DEVINNEY.

In an action upon a subscription paper for the erection of an institution of learning, the question arose upon the evidence, as one of fact, whether the defendants had recognized the plaintiffs as the legal body authorized to proceed to erect the said institution, and to enforce his subscription, and entitled to regard him as requesting them to proceed with the work, upon the basis of the subscriptions, and had not waived all objection, if any existed, to the appointment of trustees. *Held,* that upon the assumption that there was evidence, upon that issue, sufficient to warrant the jury in find-, ing against the defendant, the liability of the defendant was properly presented and submitted to the jury upon the question whether he had recognized the plaintiffs as duly organized and the proper authorities to collect and enforce his subscription, and had requested them to proceed in the construction of the edifice.

And that in this view, evidence showing that the trustees, upon whose action the plaintiffs claimed to recover, were not elected at M. the place designated in the subscription, or at any other place, by the association in whom the power of election was vested, but that another board of trustees was elected at M., and that the plaintiff had not derived title to the subscription from or through the last mentioned trustees, or the association, was immaterial, and was properly excluded.

MOTION for a new trial, upon a case and exceptions ordered to be heard in the first instance at a general term. The action was brought to recover the amount of several calls upon a subscription for the erection of an "institution of learning," to which it was alleged the defendant had subscribed $100. The subscription paper is set forth at length in *The Wayne and Ontario Collegiate Institute* v. *Smith*, (36 *Barb*. 576;) to which case, and to that of *The same plaintiffs* v. *Greenwood*, (40 *Barb*. 72,) reference is made, for a fuller statement of the facts.

At the close of the plaintiffs' proofs, the counsel for the defendant moved for a nonsuit, on the following grounds: "1st. It is not proven, on the part of the plaintiffs, that any application has been made to the defendant, by any one of a board of trustees elected at Marion, agreeably to the terms of the subscription signed by the defendant. 2d. The sub-

scription was made upon the faith of the Wayne County Baptist Association giving their patronage and support to the enterprise of erecting a building for and organizing an institution of learning and carrying the same forward; and as that association did not give their patronage and support to the enterprise, the plaintiffs can not recover. 3d. The subscription was conditional upon the baptist association keeping the institution in operation, and as the condition has not been performed, the plaintiffs can not recover. 4th. The appointment, by the trustees of the plaintiffs, of trustees in the place of trustees who had removed from the county, and the removal of others for adverse action to the majority, as shown by the records of the proceedings of the trustees in evidence, were unauthorized and irregular; and that the action of the pretended trustees in making calls upon ·the subscriptions thereafter, was inoperative and void. 5th. The abandonment of the work of erecting the building from the fall of 1855 to the fall of 1860 relieved the defendant from all obligation on his subscription in respect to further proceedings for erecting the building. 6th. The payment by the defendant of one call upon his subscription, as proved, can not affect his liability in regard to the balance of the subscription; certainly not, as it was not with a full knowledge of the facts that the trustees of the plaintiffs were not elected at the time, and place, by the meeting referred to in the subscription. 7th. The subscription was without consideration and void. 8th. If after the suspension of the work on the building, the expenses then incurred were paid, and the defendant declined to pay further on his subscription, he is not liable thereon in further expenditures or liabilities thereafter."

The court denied the motion upon each and every of the grounds above stated, to which ruling and decision the defendant's counsel excepted. The defendant's counsel then offered to prove that a board of trustees was elected at Marion by the Wayne County Baptist Association; that there was·

no adjournment of this board to Palmyra; and that no trustees were elected at Macedon or Palmyra by this association, and that the plaintiffs had not derived title to the subscription from or through the Marion trustees or said association. To this offer the plaintiffs' counsel objected; the objection was sustained by the court and the evidence excluded, to which ruling and decision the defendant's counsel excepted.

The jury found a verdict for the plaintiffs, for $108.15.

*S. K. Williams,* for the plaintiffs.

*Strong & Mumford,* for the defendant.

*By the Court,* E. DARWIN SMITH, J.    The questions raised upon the motion for a nonsuit, on the trial of this action, have all, in substance, been previously disposed of in the case of *The same plaintiffs* v. *Smith,* (36 *Barb.* 576,) and *The Same* v. *Greenwood,* (40 *id.* 72.)

The chief question not thus previously passed upon, now arises upon offers of the defendant to give certain proof, which was excluded.   The defendant offered to show that a board of trustees was elected at Marion by the Wayne County Baptist Association; that there was no adjournment of the board to Palmyra; that no trustees were elected at Macedon or Palmyra by this association; and that the plaintiffs had not derived title to the subscription from or through the Marion trustees or said association.   At another stage in the cause, the defendant's counsel further offered to prove, that "the trustees upon whose action the plaintiffs claim to recover in this case were not elected at Marion, or any other place, by the Wayne County Baptist Association; and that another board of trustees was elected at Marion."   These propositions are substantially the same, and tend to the same end.   They were directed to disprove allegations of the plaintiffs' complaint, and were obviously, for that reason, admissible, if the allegations which they sought to disprove were

essential to the plaintiffs' right of recovery. It was error to exclude evidence tending either to prove or disprove a material issue in the cause. The evidence offered must have been excluded, by the circuit judge, upon the ground that it did not tend to establish or disprove a material issue. When this evidence was offered, the plaintiffs had proved their incorporation, by a charter from the regents of the university duly granted; and that the trustees named in such charter met in July, 1855, and duly organized as a board of trustees; that they proceeded to purchase a lot for their proposed college building, and to make contracts for the construction of such building, and to incur other expenses. That in the fall of that year they made calls upon the subscribers upon their subscriptions, and that the defendant paid one of such calls; that they made subsequent calls; and that the defendant on repeated occasions recognized his subscription as binding, and, on some, promised payment; that the work had progressed by degrees, and had been suspended from time to time for want of funds, till they had constructed the building two stories high. Upon this and other evidence upon the same points the question arose, as one of fact, whether the defendant had recognized the plaintiffs as the legal body authorized to proceed to erect said collegiate institute, and to enforce his subscription, and entitled to regard him as requesting them to proceed with said work upon the basis of his subscription, with others, and had not waived all objection, if any existed, to the appointment of trustees, &c. (17 *How.* 287.) It was upon the assumption that there was evidence upon this issue sufficient to warrant the jury in finding against the defendant that the circuit judge doubtless overruled the defendant's offers, as they did not bear upon this issue. The case was submitted to the jury, and it seems no objection or exception was taken to the charge. We must presume, therefore, I think, that the question of the defendant's liability was properly presented and submitted to the jury upon this distinct question, whether he had recognized the plaintiffs as duly

organized, and the proper authorities to collect and enforce his subscription, and had, after the incorporation of the plaintiffs, requested them to proceed with the work of constructing said institution. The jury must be deemed to have found this issue, upon a proper submission to them, against the defendant. Upon this assumption, the evidence offered by the defendant, and excluded as aforesaid, was entirely immaterial. If the plaintiffs' action had been based entirely upon subscription papers, independently of the payment and admissions of the plaintiffs after the charter had been obtained, it would then undoubtedly have been necessary for the plaintiffs to show that the trustees named in the charter had been duly appointed at the meeting at Macedon on the 30th of May, 1855, or, as we held in the case of *Greenwood*, (*supra*,) at some meeting of the Wayne County Baptist Association duly continued by adjournment from such meeting at Marion.

But as this case appeared at the circuit, where these offers were made, I think the evidence was immaterial, and that the exception taken to its exclusion was not well taken. If given, it would not have precluded the plaintiffs from a recovery upon the grounds above stated, which the defendant was at perfect liberty to controvert. The offer to show that some disagreement afterwards existed among the baptist denomination, and that resolutions were passed at some meetings of the Wayne County Baptist Association in 1861, cautioning the public against subscriptions to or aiding the plaintiffs in the said enterprise, were properly excluded. They could not discharge or affect the defendant's liability. The request to the judge to submit to the jury the question whether the work upon the building referred to had been abandoned, was properly denied. There was no evidence to warrant such a finding; and if there had been, the defendant would be responsible, in proportion to the other subscribers, for the debts and expenses incurred by the plaintiffs.

Upon the whole case, I think the motion for a new trial should be denied.

New trial denied.

[MONROE GENERAL TERM, December 5, 1864. *J. C. Smith, Welles* and *E Darwin Smith,* Justices.]